UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TONY E. YOUNG,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CAUSE NO. 3:25cv334 DRL
3:24cr30 DRL

## OPINION AND ORDER

Tony Young filed a *pro se* petition to vacate his sentence under 28 U.S.C. § 2255. He argues that he received ineffective assistance of counsel and that the court abused its sentencing discretion. The court denies the petition.

## BACKGROUND

In January 2024, Mr. Young's house began to draw attention from law enforcement after an individual overdosed there and surveillance noted visitor patterns consistent with drug trafficking. He sold methamphetamine to a confidential informant that March and April, then officers searched the house and recovered drugs, paraphernalia, and a firearm from his locked bedroom. He admitted the gun was his, and his criminal record included several felony convictions. On June 27, 2024, he pleaded guilty to unlawfully possessing a firearm as a felon. *See* 18 U.S.C. § 922(g)(1).

On October 10, 2024, the court sentenced Mr. Young to 110 months imprisonment. The court entered judgment the following day. He moved that November to reduce his sentence under 18 U.S.C. § 3582(c)(2), and the court denied the motion the following month. On April 17, 2025, he timely filed this petition.

## STANDARD

In extraordinary situations, the court may vacate or correct a prisoner's sentence. 28 U.S.C. § 2255(a); *Hays v. United States*, 397 F.3d 564, 566-67 (7th Cir. 2005). The writ of *habeas corpus* is secured by the United States Constitution: "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. Historically, criminal defendants subject to a final conviction were entitled to relief only if the court that rendered the judgment lacked jurisdiction. *Ex parte Watkins*, 28 U.S. 193, 202 (1830). Ever since, the writ has broadened to provide prisoners relief from various violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2255(a); *Danforth v. Minnesota*, 552 U.S. 264, 272 (2008); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). It is not a substitute for direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995).

When reviewing a § 2255 petition, the court examines the petition and the entire record. The court will hold an evidentiary hearing when the petitioner alleges facts that, if proven, would entitle him to relief. *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016); *see also* 28 U.S.C. § 2255(b). Allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice. *Machibroda v. United States*, 368 U.S. 487, 495 (1962). Likewise, when the petition and records conclusively show the petitioner isn't entitled to relief, the court needn't hold a hearing. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016).

## DISCUSSION

The court construes Mr. Young's *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). His petition was signed under penalty of perjury, so his "allegations contained therein become evidence and permit the district court to evaluate properly the movant's allegations and

2

to determine whether a sufficient threshold showing has been made to warrant further proceedings." *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) (italics omitted).

Mr. Young seeks relief on various grounds. He says counsel was ineffective at the plea stage—that his counsel failed to locate a witness, coerced him into pleading guilty, failed to withdraw despite a conflict of interest, and failed to challenge § 922(g)(1)'s constitutionality— and that counsel's errors cumulatively warrant relief. He says his counsel neglected at sentencing to argue for a variance below the guideline range and failed to object to his criminal history score calculation. He adds that the court abused its discretion when imposing a 110-month sentence. Thereafter he says his attorney failed to file a post-sentencing notice of appeal at his request. Finally, he says he is actually innocent. Each argument is addressed in turn.

A. *Ineffective Assistance of Counsel.*

Mr. Young alleges violations of his Sixth Amendment right to effective assistance of counsel. To succeed, he must establish that (1) his counsel's representation "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). Courts "presume that counsel [was] effective, and a defendant bears a heavy burden in making out a winning claim based on ineffective assistance of counsel." *United States v. Farr*, 297 F.3d 651, 658 (7th Cir. 2002). An attorney's representation "need not be perfect, indeed not even very good, to be constitutionally adequate." *Delatorre v. United States*, 847 F.3d 837, 845 (7th Cir. 2017) (quotations and citation omitted).

This same test applies to "challenges to guilty pleas based on ineffective assistance of counsel," *Hill v. Lockhart*, 474 U.S. 52, 58 (1985), albeit in a refined way, *see United States v. Smith*, 989 F.3d 575, 581 (7th Cir. 2021). To assess counsel's effectiveness at the plea stage, the performance prong remains largely unchanged: the petitioner "must allege that he entered the plea agreement based on advice of counsel that fell below constitutional standards." *Hurlow v. United States*, 726 F.3d 958, 966-67 (7th Cir. 2013). On the prejudice prong, the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Smith*, 989 F.3d at 581; *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005)

1.  *Constitutionality of 18 U.S.C. § 922(g)(1).*

Mr. Young argues that his counsel ineffectively represented him by declining to argue that his § 922(g)(1) charge contravened the Second Amendment to the United States Constitution. The government says he wasn't prejudiced because the challenge would be meritless.

Under the two-step analysis of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), the court asks "whether the Second Amendment's plain text covers a person's conduct such that the Constitution presumptively protects it," and "whether the government can justify its regulation consistent with our Nation's historical tradition of firearm regulation," *United States v. Regalado*, 709 F. Supp.3d 619, 623 (N.D. Ind. 2023) (citing *Bruen*, 597 U.S. at 17); *see United States v. Hemani*, 608 U.S. __, 146 S. Ct. 1677, 1685 (2026). A facial challenge requires a defendant to show the statute is unconstitutional in all applications, *City of L.A. v. Patel*, 576 U.S. 409, 415 (2015), whereas an as-applied challenge requires that he show the statute is unconstitutional as applied to the facts of his case, *see United States v. Phillips*, 645 F.3d 859, 863 (7th Cir. 2011). Mr.

4

Young doesn't say whether he would have pursued a facial or as-applied challenge, but any failed as-applied challenge necessarily resolves a facial challenge. *See United States v. Salerno*, 481 U.S. 739, 745 (1987); *Hegwood v. City of Eau Claire*, 676 F.3d 600, 603 (7th Cir. 2012).

The court has addressed the constitutionality of § 922(g)(1) under *Bruen* multiple times, upholding it under *Bruen*'s historical analysis in each, and Mr. Young provides no reason to question that decision. *See, e.g., Regalado*, 709 F. Supp.3d at 623. It applies equally here. Nor is he the sort of person who could conceivably challenge the statute. *See United States v. Gay*, 98 F.4th 843, 846-47 (7th Cir. 2024). At least an eight-time felon, he has been convicted of violent crime, including aggravated battery with a firearm, armed robbery, and multiple counts of armed home invasion with force and aggravated unlawful restraint. Over the course of 35 years, the refrain has been materially the same—drugs or guns, and sometimes both—with a troubling measure of violence in the mix in his 20s and drug dealing since his 30s. Four offenses in his past involved a firearm, and seven involved drugs, and his federal offense once more mixed the two (he possessed this firearm in connection with a drug felony). *See United States v. Jackson*, 555 F.3d 635, 636 (7th Cir. 2009) ("no constitutional problem with separating guns from drugs"); *United States v. Wigfall*, 677 F. Supp.3d 791, 796 (N.D. Ind. 2023) ("The Second Amendment does not give anyone the right to be armed while engaging in a felony or to have a firearm nearby to protect his drug stash or embolden his enterprise.").

Mr. Young argues that *United States v. Rahimi*, 602 U.S. 680 (2024) (upholding 18 U.S.C. § 922(g)(8)), and *Barrett v. United States*, 607 U.S. 128 (2026) (Fifth Amendment double jeopardy prevents a defendant from incurring two convictions for one act that violates both 18 U.S.C. § 924(c)(1)(A)(i) and 18 U.S.C. § 924(g)), leave open the debate. Neither decision addresses the

question or gives the court any reason to rethink its analysis. Neither *Barrett* nor *Rahimi* changed the government's authority to protect the public by prohibiting someone with Mr. Young's history from possessing a firearm.

Given the state of the law and this defendant's history, trial counsel's performance was not deficient by making the strategic decision to forego a meritless argument that § 922(g)(1) is unconstitutional. *See Dunn v. Reeves*, 594 U.S. 731, 739 (2021) (Counsel's "strategic decisions . . . are entitled to a strong presumption of reasonableness," and "the absence of evidence cannot overcome it.") (brackets, quotations, and citations omitted). Mr. Young also can't show prejudice because any such argument would have necessarily failed. Accordingly, counsel's failure to mount this constitutional challenge doesn't warrant § 2255 relief.

2. *Counsel's Assistance at the Plea Stage.*

Mr. Young first argues his attorney failed to locate and interview a witness he believed would have testified that he had never possessed the firearm. He says, had this witness been located, he would not have pleaded guilty. The government contends that this claim fails because it is contradicted by his admissions in his plea agreement and at the plea hearing.

Counsel's duty is "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. A "particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.* "A reasonable investigation is not, however, the investigation that the best criminal defense lawyer in the world, blessed not only with unlimited time and resources but also with the inestimable benefit of hindsight, would conduct." *Thomas v. Gilmore*, 144 F.3d 513, 515 (7th Cir. 1998).

Mr. Young presents no reason why the failure to interview this so-called key witness would amount to deficient performance. Rather, based on his contentions, counsel's decision was a reasonable strategic choice. A reasonable attorney could have concluded that locating the witness would be fruitless given the degree of incriminating evidence. Mr. Young admitted to law enforcement that he owned the firearm recovered from his locked bedroom, and to having purchased it from a juvenile for $60.00. With limited time and resources, it was reasonable for counsel to instead invest in securing a plea agreement rather than interviewing a witness that would not be consistent his own client's statements.

Mr. Young agreed—based on his sworn statements at his plea hearing. Made under oath, the court is "generally justified in discrediting the proffered reasons for the motion . . . and holding the defendant to his admissions at the plea colloquy." *United States v. Patterson*, 576 F.3d 431, 437 (7th Cir. 2009) (brackets and citation omitted). He said counsel had done everything he expected, that he was fully satisfied, and counsel had "covered everything" [42 Tr. 6]. He denied that his counsel had ignored his wishes in any way [*id.*]. When asked why he wanted to plead guilty, he said, "Because I'm guilty," "I'm guilty of the facts," and "I'm guilty of what I've – of the charges." Mr. Young's new allegations today are "belied by his own [sworn] statements at the change of plea hearing, which are presumed truthful." *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). He offers no facts to rebut this presumption or explain why the failure to interview the witness was unreasonable, only his speculation that it would have benefitted his defense. *See Bethel v. United States*, 458 F.3d 711, 719 (7th Cir. 2006) (to rebut statements made under oath, petitioner must offer a "compelling explanation for the contradiction").

7

Mr. Young also hasn't shown prejudice. He says the witness could have confirmed he didn't actually possess the firearm when he was arrested, but he admitted to possessing it in his plea agreement and at his plea hearing [27 ¶ 29; 42 Tr. 11], as well as to facts supporting constructive possession—that the firearm was his and was recovered from a house at which he had been staying—such that any rebuttal of actual possession would be inconsequential. *See United States v. Griffin*, 684 F.3d 691, 695 (7th Cir. 2012) (constructive possession occurs when the defendant "knowingly had both the power and the intention to exercise dominion and control over the object, either directly or through others"). The presentence report explained that the firearm was recovered from his locked bedroom [27 ¶ 12-15, 22]. There was ample evidence, indeed admission, of possession. No witness would have changed things.

Next, Mr. Young says his counsel coerced him into accepting the plea agreement despite his insistence that he was innocent and wished to proceed to trial. He says this coercion resulted from counsel's unwillingness to raise a defense, and that he only pleaded guilty because he wasn't informed that he could request a different attorney. The government again points to his statements made under oath that contradict this position.

Counsel wasn't deficient when Mr. Young's plea was voluntary. "A guilty plea is voluntary when it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea." *United States v. Jordan*, 870 F.2d 1310, 1316 (7th Cir. 1989). Mr. Young doesn't allege any threats or misrepresentations and doesn't suggest he was unaware of the consequences of pleading. He doesn't explain what counsel misrepresented, only that counsel believed he was guilty and advised him to plead as much. He says counsel never told him he could request a different attorney, but he doesn't explain why that mattered, or that he asked for one.

8

And his statements during the plea colloquy discount any idea that he may have desired one. He confirmed his full satisfaction with counsel, said counsel had done everything he asked, admitted his guilt and possession of the firearm, and said he was pleading guilty of his own free will and not based on promises or threats [42 Tr. 6, 11-12, 19-20]. Mr. Young insufficiently alleges an involuntary plea, and there was no deficient performance. The court denies relief on this ground.

Last, as part of his plea, Mr. Young argues counsel failed to withdraw due to a conflict of interest. He says counsel insisted he plead guilty to resolve the case quickly, cutting short investigation and discussion of plausible defenses. The government again contends that this claim must be barred because of his plea hearing statements, and because Mr. Young has not shown an actual conflict of interest.

"[D]efendants are guaranteed effective assistance of counsel, and have the right to representation free from conflict of interest." *Blake v. United States*, 723 F.3d 870, 880 (7th Cir. 2013) (citation omitted). There are two frameworks for analyzing an ineffective assistance claim based on counsel's alleged conflict of interest. Under *Strickland*, he must show "that his attorney had a potential conflict of interest and that the potential conflict prejudiced his defense." *Hall v. United States*, 371 F.3d 969, 973 (7th Cir. 2004). Alternately, he may follow *Cuyler v. Sullivan*, 446 U.S. 335, 348 (1980), under which he must show "that an actual conflict of interest adversely affected his lawyer's performance," *Hall*, 371 F.3d at 973. Proceeding under *Sullivan* is the "lighter burden" because demonstrating an adverse effect is significantly easier than showing prejudice. *Id.* (citation omitted).

Under the *Sullivan* framework, an actual conflict exists when "defense counsel was faced with a choice between advancing his own interests above those of his client," *Blake*, 723 F.3d at

880, and an adverse effect exists when "there is a reasonable likelihood that his counsel's performance would have been different had there been no conflict of interest," *United States v. Coscia*, 4 F.4th 454, 475 (7th Cir. 2021) (quotations and citation omitted). Because Mr. Young resolved his case by plea, the focus is not whether "he would have decided against pleading guilty had he been represented by a conflict-free attorney," but instead "on whether the defense counsel's conflict affected his actions and the defendant's decision to plead guilty." *Burkhart v. United States*, 27 F.4th 1289, 1296 (7th Cir. 2022) (citation omitted).

Mr. Young fails to identify an actual or potential conflict. His counsel determined that a plea agreement was preferable to investigation and mounting a defense despite Mr. Young's apparent difference of opinion today. "That is not a conflict of interest; it is a disagreement over strategy." *Oimen v. McCaughtry*, 130 F.3d 809, 812 (7th Cir. 1997) (discussing disagreement between petitioner and his attorney about what issues to raise on appeal). To the extent he suggests counsel was inappropriately focused only on resolving the case as soon as possible, he provides no evidence other than his say so (soundly rebutted by his compliments of counsel at the plea hearing). And he doesn't explain how his counsel's conduct would have been different with increased patience. Given the evidence against him, counsel reasonably prioritized a plea agreement, so he hasn't shown deficient performance. Given the nature of his plea colloquy—that he was satisfied with counsel's performance, pleaded guilty voluntarily, and wanted to plead guilty because he was guilty—he can't show any adverse effect either, much less prejudice. His conflict of interest theory can't support § 2255 relief.

Mr. Young ultimately argues trial counsel's cumulative errors amounted to ineffective assistance; and, but for these errors, he would not have pleaded guilty and would have proceeded

to trial. This can't be deficient performance. Without a specific error constituting ineffective assistance, the court "cannot conclude that there was any cumulative effect from these errors that would have amounted to ineffective assistance of counsel as evaluated under the *Strickland* parameters." *Resnick v. United States*, 7 F.4th 611, 625 (7th Cir. 2021) (citation omitted). Relief is denied on this ground.

### 3. *Counsel's Representation at Sentencing.*

Mr. Young raises two arguments for counsel's ineffective assistance at his sentencing. First, he asserts that his counsel did not support the government's request to "depart downward," and, had counsel supported it, he would have received a below-guideline sentence. Mr. Young seems to misconstrue the circumstances of his sentencing. The government never recommended a "downward departure"—there are in truth no such things anymore save perhaps a departure for substantial assistance to the government—but instead advocated for a sentence at the low-end of the guideline range, consistent with Mr. Young's plea agreement [12-1 ¶ 9(f)(2); 30 at 1; 43 Tr. 9]. Defense counsel asked for an even lower sentence—for the court to "impose a sentence below the guidelines, the shortest possible sentence" [43 Tr. 13-14]. Mr. Young hasn't identified deficient performance when counsel argued for the very thing that Mr. Young says he wanted.

Second, Mr. Young says counsel failed to object to the criminal history points allocated to one of his prior drug offenses. He received nine criminal history points from three different (three-point) felony convictions, placing him in criminal history category IV [27 ¶ 59, 61, 63]. He says the correct calculation would have put him in a lower criminal history category, resulting in a lower guideline range.

Any failure to object wasn't deficient performance because Mr. Young's criminal history score was properly calculated. He doesn't specify which offense should have received fewer criminal history points or why, and all three of his pointed felonies were drug offenses. His sentence for each was a term of imprisonment exceeding one year and one month and resulted in his incarceration into the fifteen years preceding his offense. *See* U.S.S.G. §§ 4A1.1(a), 4A1.2(e). There being no reason to object to his criminal history score, his counsel had "no duty to make a frivolous argument." *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) (emphasis omitted). Nor could the court find any prejudice accordingly. This argument doesn't merit § 2255 relief.

4. *Counsel's Assistance Post-Sentencing.*

Mr. Young references some dereliction in a "notice of appeal . . . as required by law and as requested by [him]." The government contends that his allegation is too contradictory and nonspecific to warrant relief. Insofar as he argues his counsel failed to file an appeal, Mr. Young has not properly alleged deficient performance on this record.

His plea agreement contained an appeal waiver, but he waived "only his ability to raise certain claims on appeal" and not his "right to *file* a notice of appeal." *United States v. Watson*, 48 F.4th 536, 539 (7th Cir. 2022). Trial counsel "who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). Otherwise said, "when a defendant asks his attorney to pursue a direct appeal and the attorney does not do so, it is *per se* ineffective assistance of counsel." *Gant v. United States*, 627 F.3d 677, 681 (7th Cir. 2010) (cleaned up). This is true "regardless of whether a defendant has signed an appeal waiver." *Garza v. Idaho*, 586 U.S. 232, 247 (2019).

12

To succeed on such a claim, "a defendant must show that he actually requested his attorney file an appeal." *Gant*, 627 F.3d at 681. Like all grounds for relief in a § 2255 petition, a naked assertion is not enough. A "petition must be accompanied by a detailed and specific affidavit [that] shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions," or a sworn petition that includes such details and specifics, for then might there be "some evidence" to trigger an evidentiary hearing. *Kafo*, 467 F.3d at 1067, 1068; *see also Machibroda*, 368 U.S. at 495 (allegations that prove merely "vague, conclusory, or palpably incredible" rather than detailed and specific won't suffice); *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995) ("a hearing is not necessary if the petitioner makes conclusory or speculative allegations rather than specific factual allegations"). Section 2255 "does not strip the district courts of all discretion to exercise their common sense." *Machibroda*, 368 U.S. at 495.

The court has held evidentiary hearings under *Garza* to evaluate an allegation about an absent notice of appeal, but under circumstances in which the petitioner had offered some details or specifics, even if modest, beyond a mere bald allegation. Mr. Young submits a sworn petition that avers that he "requested" an appeal, but he never says when he did so or how he did so—at least something specific that might permit the court to treat this other than a vague or conclusory statement, putting aside the complete absence of what grounds he might assert. *See, e.g., United States v. Custer*, 2020 U.S. Dist. LEXIS 18919, 9 (N.D. Ind. Feb. 5, 2020) (petitioner merely said she requested counsel file an appeal, omitting the time, place, and content of the request); *Davis v. United States*, 2009 U.S. Dist. LEXIS 47965, 10-12 (S.D. Ill. June 9, 2009) (same).

And even if the court at this stage of consideration disregarded his obvious willingness in his petition to contradict his sworn statements at the time of his plea—to readily make

inconsistent statements under oath—his petition presents an incredible story all its own. He says trial counsel should have filed an appeal and should have filed an *Anders* brief. This makes no sense. One suggests he had a nonfrivolous ground for appeal, whereas the other suggests he had no such nonfrivolous ground for appeal. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (*per curiam*) (*Anders* brief is "a motion by a criminal defendant's lawyer to withdraw from representing a defendant on appeal because no nonfrivolous issues can be advanced"). One suggests an appeal, whereas the other suggests the appeal's dismissal. Suggesting both are true under oath is contradictory and incredible.

Mr. Young also says counsel did not instruct him on how to make future challenges to the conviction and sentence. There is no "bright-line rule that counsel must always consult with the defendant regarding an appeal." *Flores-Ortega*, 538 U.S. at 480. A constitutional duty to consult with a defendant about an appeal arises only when "there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* "Although not determinative," Mr. Young's guilty plea is a "highly relevant factor in this inquiry . . . both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." *Id.*

Counsel had no reason to think a rational defendant in Mr. Young's position would have wanted to appeal, and certainly not based on anything presented today. The terms of his plea agreement dictated that there would be no appealable issue, other than ineffective assistance of counsel. Nothing in the record, save Mr. Young's inconsistent sworn statement that there should

be both an appeal and its dismissal, would ever inkle the specter of a desired appeal, and, even then, that this particular defendant reasonably demonstrated to trial counsel, and the specifics of when and how, that he was interested in appealing or what he wanted to appeal. His vague statement about the lack of instruction cannot alone provide a sufficient basis to proceed with this claim, so the court denies § 2255 relief.

B. *Court's Sentencing Discretion.*

Mr. Young also says the court abused its discretion when refusing to sentence him below the guideline range. This claim is barred by Mr. Young's plea agreement, in which he waived his right to contest any component of his sentence under § 2255 other than a claim of ineffective assistance of counsel, which this claim is not [12-1 ¶ 9(e)]. And skipping past his procedural default otherwise, *White v. United States*, 8 F.4th 547, 554 (7th Cir. 2021); *Doe*, 51 F.3d at 698, Mr. Young offers nothing to suggest that a presumptively reasonable sentence within the guideline range would not comport with the sentencing factors, *see United States v. Ambriz-Villa*, 28 F.4th 786, 791 (7th Cir. 2022). He mentions only the nature and circumstances of his offense, which the court amply considered in its sentencing [34].

Mr. Young adds that he is actually innocent, perhaps to counter a procedural default, for this point has never been recognized as a standalone constitutional claim in a non-capital case. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Cal v. Garnett*, 991 F.3d 843, 850-51 (7th Cir. 2021); *accord McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). He says there is no evidence that he actually possessed a firearm, given the lack of DNA evidence, fingerprints, or witnesses, and that he never constructively possessed the gun because he wasn't present when the firearm was discovered and hadn't recently occupied the room where it was found. His plea and statements under oath

15

soundly make this claim of actual innocence impossible. And the reality is that his petition was timely and not procedurally barred such that he has no need for a gateway to federal *habeas corpus* relief. He simply has not shown an independent constitutional violation. *See Gladney v. Pollard*, 799 F.3d 889, 895 (7th Cir. 2015) ("To win federal relief, a petitioner must show an independent constitutional violation.").

C.  *Motion to Appoint Counsel.*

Mr. Young requested appointment of counsel. "A section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel." *Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992). Under 18 U.S.C. § 3006A(a)(2), the court may appoint counsel for a § 2255 petitioner if "the interests of justice so require." The claims here are straightforward, and counsel is not needed to augment them when they are futile. *See Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983) (discussing relevant factors for discretionary appointment of counsel). His request for counsel is denied.

D.  *Certificate of Appealability.*

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must consider whether to grant or deny a certificate of appealability. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Cases. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

16

further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). For the reasons given, reasonable jurists could not debate the conclusions today. The court thus denies a certificate of appealability.

## CONCLUSION

For these reasons, the court DENIES Mr. Young's petition to vacate his sentence pursuant to § 2255. This order terminates the civil case [Cause No. 3:25cv334].

SO ORDERED.

July 27, 2026                              *s/ Damon R. Leichty*
                                           Judge, United States District Court